UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHENAY BOONE,

          Plaintiff,                    Case No. 1:20-cv-12195

v.                                              Honorable Thomas L. Ludington
                                                        Magistrate Judge Patricia T. Morris

SAGINAW HEALTH CLINIC, PLLC,

          Defendant.
_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER**

This matter is before the Court pursuant to Defendant's objections to the Magistrate Judge's Order Granting Plaintiff's Motion for Protective Order. ECF No. 24. On August 14, 2020, Plaintiff Shenay Boone brought this action against her former employer, Defendant Saginaw Health Clinic, PLLC, claiming that her employment was terminated in retaliation for reporting suspected billing fraud. ECF No. 1. Plaintiff alleges violations of Michigan law and the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* On June 9, 2021, Plaintiff filed a motion for a protective order limiting or precluding her independent medical examination (IME). ECF No. 18. The Motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 19. After a motion hearing on July 13, 2021, Magistrate Judge Morris entered an order granting the Motion and precluding the IME. ECF No. 23.

On July 27, 2021, Defendant filed objections to the Magistrate Judge's Order. ECF No. 24. Defendant's objections have since been fully briefed by the parties. *See* ECF Nos. 26, 27. For the reasons stated below, Defendant's objections will be overruled, and the Magistrate Judge's decision will be affirmed.

## I.

According to the Complaint, Plaintiff was employed as a medical assistant with Defendant between December 2019 and May 2020. ECF No. 1 at PageID.2. For most of that time, Plaintiff was in charge of the "EasyRa," a device used for drug testing urine samples *Id.* Sometime after becoming responsible for the EasyRa, Plaintiff allegedly learned that Cindy Prottenger, the office manager, was billing for tests before they were performed. *Id.* at PageID.3. Plaintiff believes this practice was illegal and claims that she voiced her concerns to Pottenger shortly before leaving for a pre-planned vacation in March 2020. *Id.* When she returned, Plaintiff learned that her hours had been reduced from full-time to two days a week. *Id.*

Later, in May 2020, Prottenger allegedly instructed Plaintiff to test a urine sample and to bill that test under a different patient. *Id.* at PageID.4. After Plaintiff refused to do so, she was allegedly told that she would be reassigned to a "different project." *Id.* at PageID.5. Plaintiff claims that her employment was terminated later that week. *Id.*

In addition to certain statutory relief, Plaintiff seeks damages for the "emotional distress, humiliation, [and] mental anguish" allegedly caused by her termination. *Id.*

On April 26, 2021, Defendant served Plaintiff with notice of an IME. *See* ECF No. 18-3 (IME Notice). After negotiations over the scope of the IME broke down, Plaintiff filed a motion for a protective order to limit or preclude the IME. *See* ECF Nos. 18, 18-4 (emails between counsel). Plaintiff argued that an IME was unwarranted because an allegation of emotional distress was not enough to put her mental condition "in controversy" for purposes of Fed. R. Civ. P. 35.[1] ECF No. 18-1 at PageID.113.

---

[1] Under Rule 35, a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).

Defendant had two primary responses: (1) that Plaintiff's counsel had waived any objection to the IME when she initially agreed to the time and date for the IME; and (2) that ordinary allegations of emotional distress do, in fact, place Plaintiff's mental condition in controversy. *See* ECF No. 21 at PageID.237–39.

During the motion hearing before Magistrate Judge Morris, Plaintiff's counsel denied waiving her right to object to the IME, explaining that her agreement to the time and place was contingent upon defense counsel accepting certain conditions. *See* ECF No. 25 at PageID.369 (hearing transcript). Counsel also reiterated that her client was only seeking damages for "garden-variety emotional distress":

> The plaintiff's complaint alleges emotional distress, humiliation, mental anguish, that's it. She doesn't allege exacerbation of any preexisting [sic] psychological issues. She doesn't allege any intentional infliction of emotional distress claim. She doesn't allege any hospitalization. She doesn't allege additional medication . . . Her [deposition] testimony will be consistent with the complaint in that she's alleging garden-variety emotional distress.

*Id.* at PageID.370. Magistrate Judge Morris agreed that counsel had not waived any objections to the IME by engaging in good faith negotiation. *Id.* at PageID.378. She also agreed that a simple allegation of emotional distress did not warrant an IME, noting that a contrary rule would expose Plaintiff to an IME whenever "the words 'emotional distress' were added to the list of damages." *Id.* at PageID.384. After the motion hearing, Magistrate Judge Morris entered a written order granting Plaintiff's Motion for the reasons stated on the record. *See* ECF No. 23.

On July 27, 2021, Defendant filed timely objections to the Magistrate Judge's Order, arguing (1) that Plaintiff did waive her objections and (2) that there remains good cause for the IME. *Id.* at PageID.365. Defendant's objections have since been fully briefed by the parties. *See* ECF Nos. 26, 27.

II.

A magistrate judge's decision on a nondispositive motion will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A; Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "A finding of fact is clearly erroneous when, after reviewing the full record, [the reviewing court is] left with the definite and firm conviction that a mistake has been committed." *EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 428 (6th Cir. 2020) (internal quotation marks omitted). By contrast, "an order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

III.

Defendant's first objection is that Magistrate Judge Morris erred in her determination that Plaintiff did not waive her right to object to the IME. This objection is without merit. In a formal letter to defense counsel, dated June 3, 2021, Plaintiff's counsel stated that she was willing to produce her client for an IME "as long as" certain conditions were accepted:

> This letter relates to the DME you have scheduled for my client on June 24, 2021. As you know, discovery in this matter has been extended until September 27, 2021. I have asked for the DME to be adjourned to a later date, so that we can see if we can work out the conditions and, if we can't, then a Motion will need to be decided by the Court. I am proceeding under the assumption that you are in agreement with adjourning the DME, since I have not heard otherwise.

> This will confirm that I have agreed to produce my client for a DME on an agreed upon date and time, *as long as we agree on the conditions or we have an Order from the Court regarding the conditions under which the DME can be taken.*

ECF No. 18-5 (emphasis added). Astonishingly, Defendant quotes the passage where Plaintiff's counsel "agree[s] to produce [her] client" but omits the limiting clause emphasized above. ECF No. 27 at PageID.415–16. Such deliberate quote mining borders on bad faith. Under no definition of the term "waiver" could such a statement be reasonably interpreted as expressing unconditional agreement to an IME. Defendant's first objection will be overruled.

Defendant's second objection is that Magistrate Judge Morris erred in finding that the IME lacked good cause. *See* ECF No. 27 at PageID.418. In a recent opinion, Magistrate Judge Anthony Patti discussed the appropriate standard for an IME under Fed. R. Civ. P. 35:

> The party making the motion to compel IME has the burden of demonstrating that: "(i) the opposing party's physical or mental condition is in controversy, and (ii) there is good cause to require the opposing party to submit to the examination." *Gohl v. Livonia Pub. Sch.*, No. 12-cv-15199, 2015 WL 1469749, at *1 (E.D. Mich. Mar. 30, 2015) (citing *Benchmaster Inc. v. Kawaelde*, 107 F.R.D. 752, 753 (E.D. Mich. 1985)). According to the leading case on this subject, these standards are not met by "mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Such an analysis "requires discriminating application by the trial judge...." *Id.*
>
> "'The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or "garden variety" emotional distress.'" *Gaines-Hanna v. Farmington Pub. Sch.*, No. 04-cv-74910-DT, 2006 WL 932074, at *8 (E.D. Mich. Apr. 7, 2006) (quoting *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 553, N.D. Ga. 2001); . . . . Courts in the Sixth Circuit adopt the majority view. 7 Moore's Federal Practice 3d ¶ 35.03[2]; *see*, *Johnson v. Peake*, 273 F.R.D. 411, 412 (W.D. Tenn. 2009) (citing *Gaines-Hanna*, *supra*.) and *Taylor v. Nat'l Grp. of Co's, Inc.*, 145 F.R.D. 79, 79-80 (N.D. Ohio 1992). "A similar majority . . . also recognize that a mental exam is warranted when one or more of the following factors are present:"

> (1) a tort claim is asserted for intentional infliction or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) plaintiff concedes that her mental health condition is in controversy within the meaning of Rule 35.

*Stevenson*, 201 F.R.D. at 554; *see also Moore's*, *supra*. § 35.03[1][b]. Courts in this district have applied these factors in deciding whether a motion to compel IME should be granted. *Green v. Michigan Dep't of Nat. Res.*, No. 08-14316, 2009 WL 1883532, at *3 (E.D. Mich. June 30, 2009) (compelling an IME where plaintiff specified a physical manifestation of his emotional distress, thereby alleging a "level of severity beyond that of garden variety emotional distress and mental anguish"); *Kuslick v. Roscxcewski*, No. 09-12307-BC, 2012 WL 988355, at *4 (E.D. Mich. Mar. 16, 2012) (compelling an IME where the plaintiff's "primary damages are for emotional harm caused by the incident," raising them to a level beyond garden variety damages); *Gaines-Hanna*, 2006 WL 932074 at *8 (compelling an IME where the plaintiff's witness list indicated that medical expert testimony would be offered and alleged "unusually severe emotional distress.")

*Santifer v. Inergy Auto. Sys., LLC*, No. 5:15-CV-11486, 2016 WL 1305221, at *2–3 (E.D. Mich. Apr. 4, 2016). Therefore, in deciding whether an IME under Rule 35 is appropriate, courts should consider the five factors set forth in *Stevenson*. *See Shiff v. ImageMaster Printing, LLC*, No. CV 18-12302, 2021 WL 2213800, at *2 (E.D. Mich. Feb. 22, 2021) (applying *Stevenson* factors and denying motion to compel IME); *Santifer*, 2016 WL 1305221, at *4 (same).

Magistrate Judge Morris did exactly that: she recited the *Stevenson* factors to counsel during the motion hearing and found that none were present on the record. ECF No. 25 at PageID.380.

In its objections, Defendant claims that the Magistrate Judge's finding was erroneous because Plaintiff produced medical records indicating that she had received psychological treatment in recent months, at least some of which was related to her termination. ECF No. 27 at PageID.417; *see also* ECF No. 29 (provider records) (filed under seal). Defendant argues that "[b]y

disclosing these records, [Plaintiff has] now presented evidence to support her alleged mental and emotional injury and has conceded that in fact her mental condition is in controversy." *Id.*

Defendant's argument is unpersuasive. Plaintiff has not alleged—in her Complaint or elsewhere—a specific psychological injury resulting from her discharge. To the contrary, she has maintained that the only psychological injuries she suffered were "emotional distress, humiliation, [and] mental anguish." ECF No. 1 at PageID.5. Such injuries "are about as vanilla as can be." *Shiff*, 2021 WL 2213800, at *2 (denying motion to compel IME where plaintiff alleged "emotional pain, suffering, inconvenience, and mental anguish") Even in discovery, Plaintiff remains the master of her Complaint. Her mere disclosure of medical records does not transform her garden-variety allegation into one "with [the] level of specificity and severity[]' that would put her mental condition 'in controversy.'"[2] *Id.* (quoting *Green v. Mich. Dep't of Nat. Res.*, No. CIV A 08-14316, 2009 WL 1883532, at *2 (E.D. Mich. June 30, 2009)).

Defendant also argues that an IME is warranted because Plaintiff's medical records show that her alleged emotional distress might have an alternative cause. ECF No. 27 at PageID.418. Defendant claims that the records distinguish this case from *Shiff*, where the court found that the plaintiff's marital troubles were too far removed to be explored as an alternative cause of her emotional distress.[3] *See Shiff*, 2021 WL 2213800, at *3. But Defendant's reference to "alternative causes" rests on the mistaken premise that medical evidence of Plaintiff's psychological condition is relevant to her claim; it is not.

---

[2] During the motion hearing, Plaintiff's counsel stated that the only reason she disclosed these records was to create exhibits for a later motion in limine, where she will presumably argue that the records should be excluded from trial as irrelevant. *See* ECF No. 25 at PageID.371.

[3] Notably, the "alternative causes" discussion in *Shiff* centered on *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547 (S.D. Ohio 2014), a case in which the district court found that the plaintiff had alleged *more than* garden-variety damages. *See Langenfield*, 299 F.R.D. at 553 (finding that allegation of ongoing sleep deprivation was not garden-variety allegation).

In alleging garden-variety emotional distress, Plaintiff seeks compensation for only the distress and anguish "normally associated with or attendant to" a retaliatory discharge. *See Kubik v. Cent. Mich. Univ. Bd. of Trustees*, No. 15-CV-12055, 2016 WL 9631633, at *4 (E.D. Mich. Mar. 17, 2016) (quoting *Houghton v. M & F Fishing, Inc.*, 198 F.R.D. 666, 669 (S.D. Cal. 2001)), *objections overruled*, No. 15-CV-12055, 2016 WL 4425174 (E.D. Mich. Aug. 22, 2016). She is not seeking to recover for some discrete psychological disorder that the discharge may or may not have caused. Indeed, at the motion hearing, Plaintiff's counsel confirmed that she would only seek "the ordinary type of damages that people feel . . . when they are wrongfully discharged" and would not be offering expert testimony. ECF No. 25 at PageID.374.

Presumably then, Plaintiff's only evidence of emotional distress will be her own testimony—a proffer that is perfectly consistent with case law. *See, e.g.*, *Kubik*, 2016 WL 9631633, at *4 ("Garden variety damages generally exclude allegations of physical symptoms and harm corroborated by other witnesses.") (internal quotation marks omitted); *Thorsen v. Cty. of Nassau*, 722 F. Supp. 2d 277, 292 (E.D.N.Y. 2010) ("In garden variety emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." (quoting *Olsen v. Cty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009)); *Fair Hous. Ctr. of the Greater Palm Beaches, Inc. v. Sonoma Bay Cmty. Homeowners Ass'n, Inc.*, No. 914CV80667, 2015 WL 5016836, at *3 (S.D. Fla. Aug. 25, 2015) ("[I]t is well settled that garden variety emotional distress damages . . . do not require the testimony of an expert witness—a jury may decide such damages without expert assistance."). Plaintiff's history of psychological treatment is, therefore, irrelevant.

Based on the foregoing, Defendant has not shown that Magistrate Judge Morris's decision was clearly erroneous or contrary to law. Defendant's objections will be overruled, and the Magistrate Judge's decision will be affirmed.

### IV.

Accordingly, it is **ORDERED** that Defendant's objections, ECF No. 24, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Morris's Order Granting Plaintiff's Motion for Protective Order, ECF No, 23, is **AFFIRMED**.

Dated: August 25, 2021                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge